DAVENPORT, APPELLEE, *v.* MONTGOMERY COUNTY ET AL., APPELLANTS.

[Cite as *Davenport v. Montgomery Cty.,*
109 Ohio St.3d 135, 2006-Ohio-2034.]

(No. 2005–0074—Submitted October 10, 2005—Decided May 10, 2006.)

Lundberg Stratton, J.

## I. Introduction

{¶ 1} R.C. 124.39(B) permits a public employee with ten years of service credit to convert accrued, unused sick leave into cash upon his or her "retirement from active service." A similar Montgomery County Court policy provides a right to convert sick leave into cash for an employee who "is retiring" at age 55 or over, with at least ten years of service credit, or who has at least 30 years of service credit. Within this context, we must determine the meaning of the phrases "retirement from active service" and "is retiring" in relationship to the right to convert sick leave to cash. We hold that unless the employer's policy provides otherwise, "retirement from active service" means that the right to convert sick leave into cash does not arise unless the employee separates from employment at a time when he or she is eligible to retire.

## II. Facts

{¶ 2} The facts in this case are not disputed. Appellants, Montgomery County and Montgomery County Courts ("the county") employed appellee, Joyce L. Davenport, as a court reporter for the Montgomery County Court of Common Pleas beginning March 16, 1981. Because the county is a public employer, Davenport was required to contribute funds to the Public Employees Retirement System ("PERS"), a pension fund for public employees. See R.C. 145.01 et seq.

{¶ 3} On October 11, 2001, Davenport tendered her letter of resignation to the court, stating that her last day would be May 31, 2002. When she separated from service on that date, Davenport was 48 years old and had 25 years of public-service credit. While Davenport had satisfied the service-credit requirements under PERS with her 25 years of service, she had yet to satisfy the age requirement of 55.[1]

{¶ 4} Davenport accumulated 964.66 hours of unused sick leave during her employment with the court. Upon her separation from service, Davenport

---

1. Under PERS, a member is not eligible to apply to PERS for retirement until he or she (1) reaches the age of 70 (mandatory retirement age), (2) reaches the age of 60 and has five or more years of service, (3) reaches the age of 55 and has 25 years of service, or (4) has 30 years of service regardless of age. R.C. 145.32.

requested that the county convert the 964.66 hours of sick leave into cash. The county refused.

{¶ 5} Davenport filed a declaratory action in the court of common pleas, requesting the court to find that, under the county policy that permits conversion of unused sick leave to cash upon retirement, she was eligible to convert her accrued unused sick leave into cash. The trial court held that the county policy permitted conversion of sick leave upon retirement only, and because Davenport did not "retire" on the date that she separated from employment, she was not eligible to convert her sick leave into cash. The court also held that the policy did not permit an employee to convert his or her sick leave upon separation of service other than retirement. Thus, the trial court entered judgment for the county.

{¶ 6} Davenport appealed. Relying primarily on two Montgomery County policies that addressed conversion of sick leave upon retirement, the court of appeals agreed that at the time Davenport separated from employment, she was not eligible to convert her accrued sick leave into cash, because she was not eligible to retire on that date. Thus, the court of appeals affirmed the trial court's judgment in that respect. However, the appellate court also held that when Davenport turns 55 in 2009, she will be eligible to convert her unused sick leave into cash pursuant to both policies. Thus, the appellate court reversed the trial court's judgment in part and affirmed it in part.

{¶ 7} This cause is now before this court pursuant to the acceptance of the county's discretionary appeal.

## III. Analysis

{¶ 8} Davenport argues that retirement under R.C. 124.39 does not require an employee's separation from employment to coincide with the employee's eligibility for retirement in order for the employee to convert unused sick leave into cash. In other words, Davenport argues that retirement for purposes of converting unused sick leave to cash under R.C. 124.39 occurs upon the date that the employee becomes eligible to retire, despite the fact that the employee separated from service years prior to being eligible to retire. Conversely, the county argues that retirement means that an employee's separation from service must coincide with the date of the employee's retirement. We agree with the county's position.

## A. R.C. 124.39

{¶ 9} The General Assembly has addressed conversion of sick leave for public employees in R.C. 124.39, which provides:

{¶ 10} "As used in this section, 'retirement' means disability or service retirement under any state or municipal retirement system in this state.

{¶ 11} "* * *

{¶ 12} "(B) Except as provided in division (C) of this section, an employee of a political subdivision covered by section 124.38 or 3319.141 of the Revised Code may elect, at the time of retirement from *active* service with the political subdivision, and with ten or more years of service with the state, any political subdivisions, or any combination thereof, to be paid in cash for one-fourth the value of the employee's accrued but unused sick leave credit. The payment shall be based on the employee's rate of pay at the time of retirement and eliminates all sick leave credit accrued but unused by the employee at the time payment is made. An employee may receive one or more payments under this division, but the aggregate value of accrued but unused sick leave credit that is paid shall not exceed, for all payments, the value of thirty days of accrued but unused sick leave.

{¶ 13} "(C) A political subdivision may adopt a policy allowing an employee to receive payment for more than one-fourth the value of the employee's unused sick leave or for more than the aggregate value of thirty days of the employee's unused sick leave, or allowing the number of years of service to be less than ten. The political subdivision may also adopt a policy permitting an employee to receive payment upon a termination of employment *other than retirement* or permitting more than one payment to any employee." (Emphasis added.)

{¶ 14} This provision permits employees to convert accrued, unused sick leave into cash upon *retirement from active service*. It also permits a political subdivision to adopt its own policy to modify certain criteria required for an employee to convert sick leave upon retirement. Finally, it permits a political subdivision to adopt a policy that permits its employees to convert unused sick leave to cash "upon a termination of employment other than retirement."

{¶ 15} Initially, we note that neither policy in this case permits an employee to convert sick leave upon termination of employment other than upon retirement. Consequently, there is no policy herein that would have permitted Davenport to convert her sick leave to cash on May 31, 2002, the date that she separated from service, because she was not eligible to retire at that time. Therefore, we affirm the appellate court's judgment to that extent.

{¶ 16} However, the critical issue before this court is whether Davenport may convert accrued, unused sick leave into cash when she becomes eligible to retire. R.C. 124.39(B) provides that an employee "may elect, at the time of retirement from *active* service" to convert unused sick leave into cash. (Emphasis added.) The requirement to retire from "active service" means that a public employee must be employed by a public employer at the time he or she retires. In other

words, in order to be eligible for sick-leave conversion under R.C. 124.39(B), the employee must be eligible to retire when he or she leaves active service.

{¶ 17} Furthermore, any other reading of R.C. 124.39(B) renders meaningless subsection (C), which permits a political subdivision to adopt a policy allowing an employee to convert sick leave to cash upon "a termination of employment other than retirement."

{¶ 18} The purpose of PERS is to create a pension fund for public employees. Ultimately, a public employee is entitled to a portion of the fund either by drawing a pension upon retirement, R.C. 145.33, or by reimbursement of his or her contributions if the employee separates from public service for any cause other than death or retirement. R.C. 145.40. See, also, *State ex rel. Davis v. Hocking Cty. Commrs.* (Dec. 22, 1995), Hocking App. No. 94CA19, 1995 WL 767921.

{¶ 19} In contrast, the purpose of sick leave is to protect employees from wage loss when they are too ill to work. Allowing sick leave to be converted to cash upon retirement encourages employees to minimize the use of sick leave. Although R.C. 124.39(B) does permit public employees to convert accrued, unused sick leave into cash upon retirement, conversion of sick leave is neither an entitlement nor a retirement benefit.

{¶ 20} Finally, we will not require public employers to maintain records and carry such liabilities on their books for all employees regardless of when they leave their employment until such time as they would be eligible to retire, absent a clear mandate from the General Assembly to do so.

{¶ 21} Therefore, we hold that the General Assembly intended "retirement from active service" as used in R.C. 124.39(B) to mean the date of an employee's separation from service *if* it coincides with (or follows) the date he or she is eligible to retire.

### B. County Policies Permitting Conversion of Unused Sick Leave

{¶ 22} We have before us two policies that address sick leave. Because Davenport was an employee of the court, we hold that the court's policy, not the county's policy, applies in this case.

{¶ 23} The policy of the Montgomery County Court of Common Pleas provides:

{¶ 24} "*If* an employee *is retiring* at age 55 or over with at least ten (10) years of Ohio Public Service credit under the Public Employees Retirement System or has at least thirty (30) years service credit under the Public Employees Retirement System, he/she is entitled to cash payment for accumulated sick leave as follows: * * *." (Emphasis added.)

{¶ 25} Similarly to R.C. 124.39(B), the language that an employee may convert unused sick leave to cash "*if* [the] employee *is retiring* at age 55 or over with at least ten (10) years of Ohio Public Service credit" (emphasis added) means that eligibility for sick-leave conversion is limited to those who are eligible to retire when they separate from service.

## IV. Conclusion

{¶ 26} In conclusion, we hold that as used in R.C. 124.39(B) "retirement from active service" occurs when a public employee separates from service at a time when he or she is eligible to retire. Therefore, if an employee separates from service before he or she is eligible to retire, he or she cannot convert accrued, unused sick leave into cash under R.C. 124.39(B), unless the employing political subdivision adopts a policy permitting conversion upon a termination of employment other than retirement.

{¶ 27} In the case at bar, Davenport left her position as court reporter at age 48 with 25 years of service credit. At the time she separated from service, Davenport was not eligible to retire, because, although she had 25 years of public service, she had not satisfied the age requirement under R.C. 145.32. The court's policy also prohibits conversion in her case. Therefore, for purposes of both R.C. 124.39(B) and the court's policy, Davenport was not eligible to retire when she terminated her employment with the court at age 48. As a result, she may not convert her 964.66 hours of sick leave into cash. Accordingly, we reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

RESNICK and PFEIFER, JJ., dissent.

---

ALICE ROBIE RESNICK, J., dissenting.

{¶ 28} I would affirm the judgment of the court of appeals. As that court stated, "under the sick leave conversion policy established by the Montgomery County Common Pleas Court * * *, '[i]f an employee is retiring at age 55 or over with at least ten (10) years of Ohio Public Service credit under the Public Employees Retirement System * * *, he/she is entitled to cash payment for accumulated sick leave[.]'" When Davenport reaches age fifty-five, she will be retiring with at least ten years of service credit under PERS. Therefore, under the terms of the Montgomery County Common Pleas Court policy, she will be entitled to a cash payment for her accumulated sick leave at that time.

{¶ 29} "Contrary to Montgomery County's argument, we find nothing [in this policy] that requires an individual to be taking 'service retirement' or 'retiring' contemporaneously with his or her separation from County employment. [There is no] requirement that an individual's eligibility for retirement and separation from employment must occur simultaneously." *Davenport v. Montgomery Cty.*, Montgomery App. No. 20350, 2004-Ohio-6781, 2004 WL 2903872, ¶ 33–34.

PFEIFER, J., concurs in the foregoing dissenting opinion.

_____

Paul R. Leonard, for appellee.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and John M. Krumholtz and Laura L. Wilson, Assistant Prosecuting Attorneys, for appellants.